IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **GREGORY VALANCIUS,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. 3:24-cv-00364** |
| | ) | **Judge Waverly D. Crenshaw, Jr.** |
| | ) | **Magistrate Judge Evans** |
| **vs.** | ) | |
| | ) | **Jury Demand** |
| **CATHOLIC DIOCESE OF NASHVILLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF DEFENDANT**
**CATHOLIC DIOCESE OF NASHVILLE'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Catholic Diocese of Nashville ("Diocese of Nashville"), by and through counsel, submits this Reply to Plaintiff's Response, Doc. 56 ("Response") and in further support of its Motion for Summary Judgment ("Motion") pursuant to Local Rule 56.01(d).

## I. LAW AND ARGUMENT.

Jurisdiction in this case is based upon diversity of the parties, and accordingly, the Court must apply "the choice-of-law rules of the forum state." *Muncie Power Prod. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). The Court looks to Tennessee law to determine what substantive law governs Plaintiff's claims of negligence. In addition to the Diocese's argument that Tennessee courts should apply the statute of limitations of the forum as a "procedural" measure, Tennessee also mandates that this Court should apply Tennessee substantive law to all of Plaintiff's claims against the Diocese based upon the most significant relationship test for tort causes of action, which was adopted by the Tennessee Supreme Court in *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992); *see also McKinnie v. Lundell Mfg. Co.*, 825 F. Supp.

834, 835 (W.D. Tenn. 1993). Tennessee federal courts have uniformly followed this framework. *See, e.g., Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009); *Harrison v. Am. Airlines, Inc.*, 760 F. Supp. 3d 545 (M.D. Tenn. 2024); *Seals v. Delta Air Lines, Inc.*, 924 F. Supp. 854 (E.D. Tenn. 1996).

Under this framework, "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." *Hataway*, 830 S.W.2d at 59. To determine which state has the most significant relationship, Tennessee courts evaluate the four contacts set out in Restatement (Second) of Conflict of Laws § 145(2), including (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties and (4) the place where the relationship, if any, between the parties is centered. *Hataway*, 830 S.W.2d at 59; *Montgomery*, 580 F.3d at 459–60. These contacts are to be evaluated according to their relative importance with respect to the particular issue. As the Court held in *Hari & Associates v. RNBC, Inc.*, 946 F. Supp. 531, 536 (M.D. Tenn. 1996), "[t]he location where the injury is suffered is no longer dispositive of the choice of laws issue."

**1. Place of Injury.**

Although Plaintiff's injury, the abuse he allegedly suffered at the hands of Fr. Emala, occurred in Maryland, Tennessee courts have consistently held that the place of physical injury is not dispositive when the state's only contact with the litigation is the harm that happened to manifest there. In *Hataway*, the Tennessee Supreme Court held "the fact that the injury occurred in Arkansas was merely a fortuitous circumstance, and that the State of Arkansas has no interest in applying its laws to this dispute between Tennessee residents." *Hataway*, 830 S.W.2d at 60.

Applying that reasoning, the court applied Tennessee law despite the injury and death occurring in another state.

Tennessee federal courts have repeatedly followed this logic. In *Steede v. Gen. Motors, LLC*, No. 2:11-CV-02351, 2012 WL 6846529 (W.D. Tenn. Nov. 2, 2012) the court applied Tennessee law even though the accident and physical injury occurred in Mississippi, because Tennessee had a more significant relationship "to the accident and the parties under the relevant factors," and the out-of-state injury was analogized to the "fortuitous circumstance" addressed in *Hataway*. Similarly, in *Seals*, 924 F.Supp. at 860-861, the court applied Tennessee law notwithstanding the plaintiff's fall and injury occurred at the Dallas/Fort Worth airport in Texas. The court expressly refused to adopt what would have amounted to a return to lex loci, stating: "Although the fact that the accident occurred in Texas is significant, the weight of the other factors to be considered causes this Court to determine that the law of the State of Tennessee will be applied as to the negligence claim." *Seals*, 924 F. Supp. at 861.

> Given that the Tennessee Supreme Court adopted the new "most significant relationship" test in discarding *lex loci*, it is clear that this simple consideration should not override all others. If that were so, *Hataway* would never have been decided as it was. Although the fact that the accident occurred in Texas is significant, the weight of the other factors to be considered causes this Court to determine that the law of the State of Tennessee will be applied as to the negligence claim."

*Id*.

The Restatement (Second) of Conflict of Laws § 145 comment (e) provides that when "the place of the injury is fortuitous," it "is not an important contact." Based upon Plaintiff's claims in his Complaint, Plaintiff's presence in Maryland at the time of injury was incidental to the alleged underlying negligence (namely, the Diocese's alleged failure to remove Fr. Emala of his ministerial faculties prior to his departure from the State of Tennessee), all of which Plaintiff claims occurred

in Tennessee. *See* Doc. 1 generally. In addition, it is noteworthy that all of the substantive exhibits filed in connection with Plaintiff's Response relate to alleged occurrences in Tennessee prior to Fr. Emala's departure from the State of Tennessee in 1968 – not the State of Maryland.

**2. Place of Conduct Causing the Injury.**

Tennessee courts consistently treat the place of conduct as a heavily weighted factor in the most significant relationship analysis. In *Harrison v. Am. Airlines, Inc.*, 760 F. Supp. 3d 545, 558 (M.D. Tenn. 2024), this Court found the second *Hataway* factor (place of conduct causing injury) to be significant. Although the injury had arguable connections to both Tennessee and Illinois, the Court found that "the majority of the conduct that caused Dr. Harrison's injuries occurred in Tennessee" and held "the second factor indicates that Tennessee law should apply to the negligence claim." *Harrison*, 760 F. Supp. 3d at 558. Similarly, in *Seals* while the physical injury happened in Texas, the alleged negligent act – the airline's failure to arrange assistance – occurred through an agent in Tennessee and was traced back to conduct in Tennessee. The court applied Tennessee law in part because of this Tennessee-based conduct. *Seals*, 924 F. Supp. at 861.

**3. Principal Connection to Tennessee.**

The third and fourth factors, domicile and place where the parties' relationship is centered, also reinforce the Diocese's argument for the application of Tennessee substantive law. Where the parties, or the defendant, are domiciled in or principally connected to Tennessee, courts consistently apply Tennessee law. *McDonald v. Hartford Life & Annuity Ins. Co.*, No. 3:17-CV-90, 2018 WL 9802101, at *3 (E.D. Tenn. Sept. 12, 2018) (plaintiff's Tennessee residence, Tennessee application for the policy, and Tennessee-resident covered parties together "confirm that Tennessee has the most significant relationship to McDonald's tort claims"). Similarly, in *Harrison*, this Court found "all allegations in the Complaint suggest the parties arranged Dr.

Harrison's flight to leave from Tennessee, coordinated for and performed the use of wheelchair services in Tennessee, and prepared Dr. Harrison to board her flight in Tennessee," making Tennessee the center of the parties' relationship. *Harrison*, 760 F. Supp. 3d at 558.

Here, Plaintiff's Complaint alleges that the abuse was only made possible (and the only basis for liability as asserted against the Diocese of Nashville) was by the Diocese's failure to restrict Fr. Emala's status as a priest in good standing in 1968, prior to Fr. Emala leaving the State of Tennessee in 1968, including any limitation on his ministerial "faculties." *See* Doc. 1 at 5. Plaintiff further alleges that at all relevant times, the Diocese, with its principal place of business in Nashville, was responsible for the hiring and supervision of its employees, including Emala, and for the policies and procedures governing their conduct. Doc. 1 at 6, 9. Consistent with these allegations, the Complaint expressly states that all of the alleged acts and omissions giving rise to Plaintiff's claims against the Diocese occurred in Davidson County, Tennessee, rather than arising from the subsequent abuse which took place after Fr. Emala returned to the State of Maryland to live with his parents. Doc. 1 at 12. Thus, the law of Tennessee has the most significant relationship to the cause of action, and Tennessee substantive law should apply to all conflict of law determinations in this case, including but not limited to the statute of limitations. *McKinnie*, 825 F. Supp. at 835.

## II. CONCLUSION

For the foregoing reasons, the Diocese of Nashville respectfully requests that the Court enter summary judgment in its favor on each of the claims alleged by Plaintiff based upon the application of Tennessee's statute of limitations to Plaintiff's claims.

**DATED: August 4, 2026.**

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Matthew C. Pietsch*

Matthew C. Pietsch, TN Bar No. 024659
Lindsey M. Shepard, TN BPR No. 34444
4020 Aspen Grove Drive, Suite 500
Franklin, TN 37067
Phone: 615-722-9000
Fax: 615-970-7490
mpietsch@grsm.com
lshephard@grsm.com

TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC

L. Gino Marchetti, Jr., TN Bar No. 005562
2908 Poston Avenue
Nashville, TN 37203
Phone: 615-320-3225
Fax: 615-320-3244
gmarchetti@tpmblaw.com

*Attorneys for Defendant Catholic Diocese of Nashville*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and complete copy of the foregoing has been served through the Court's electronic filing system to the following on **August 4, 2026**:

| | |
|---|---|
| Andrew S. Janet<br>Janet, Janet & Suggs, LLC<br>Executive Center at Hooks Lane<br>4 Reservoir Circle, Suite 200<br>Baltimore, MD 21208<br>Phone: 410-653-3200<br>Fax: 410-653-9030<br>asjanet@jjsjustice.com<br><br>John Spragens<br>Spragens Law PLC<br>311 22nd Ave. N.<br>Nashville, TN 37203<br>Phone: 615-983-8900<br>Fax: 615-682-8533<br>john@spragenslaw.com<br><br>*Counsel for Plaintiff* | Louis Gino Marchetti, Jr.<br>Taylor, Pigue, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>gmarchetti@tpmblaw.com<br><br>*Counsel for Defendant* |

*/s/ Matthew C. Pietsch*