**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GREGORY VALANCIUS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-00364** |
| | ) | |
| **CATHOLIC DIOCESE OF NASHVILLE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

The Catholic Diocese of Nashville has filed a motion to exclude Gregory Valancius' expert witness Robert W. Zilliox testimony at trial. (Doc. Nos. 65 and 73). The court engaged the parties in oral arguments on November 3, 2026. For the reasons that follow, the motion is **GRANTED.**

Based upon his education and experience within the Catholic Church, Zilliox applies Canon Law to Valancius' allegations of sexual abuse by William Emala. His expert witness report summarizes the career of Emala and the accusations of sexual abuse to minors, including Plaintiff. (Doc. No. 65-1). Then, Zilliox provides a historical review of the Catholic Church legal system, documenting the development of Canon Law and how the standard of care and ordinary care apply within the Catholic Church, especially child sexual abuse. Zilliox explains that the standard of care is incorporated in Canon Law based on the Sixth Commandment, thou shall not commit adultery. He concludes that Emala violated the Sixth Commandment based upon Valancius' allegations of sexual abuse by Emala. According to Zilliox, "the policies and procedure of the Catholic Church consider Emala's behavior not only immoral but also criminal." (Doc. No. 65-1 at 6).

Based on his understanding of Canon Law, Zilliox opines that the polices and procedures of the Catholic Church at the time Valancius was allegedly abused by Emala required that the Diocese of Nashville investigate and take action against Emala. After reviewing documents between the Diocese of Nashville, the Archdiocese of Baltimore and Emala, Zilliox concludes, among other things, that:

1. the Diocese of Nashville was on notice of Emala's sexual misconduct of boys since 1958. (Doc. No. 65-1 at 23).

2. notwithstanding its notice, the Diocese of Nashville made no investigation.

3. the Diocese of Nashville "grossly violated the standard of care" by encouraging Emala to seek therapy, which allowed him to continue ministering. (Id.)

4. in his professional opinion, "the Diocese of Nashville failed to exercise the standard of care with respect to the knowledge and actual notice of abuse by" Emala. (Id.)

5. the "most likely scenario is that the Diocese of Nashville did warn Baltimore about Emala." (Id.)

6. there was a coordinated effort between Nashville and Baltimore to allow Emala to obtain a new assignment. (Id. at 24).

7. the abuse to Valancius "could have been prevented" had the Diocese of Nashville applied the standard of care. (Id. at 23–24).

The Court finds, Zilliox's expert witness testimony problematic.

First, Zilliox usurps the role of the Court to instruct the jury on the applicable law. There is no doubt that it is singularly "the sole province" of the Court to instruct the jury on the law. Ames v. Van Dyne, 100 F.3d 956 (6th Cir. 1996).

Second, Zilliox usurps the role of the jury to determine the facts, apply the law, critically determine the credibility of witness testimony, and weigh the documents presented at trial. Torres v. County of Oakland, 758 F.2d 147, 151 (6th Cir. 1985) (expert opinions must stop short of embracing the legal terminology that frames the ultimate legal conclusion that the jury must decide).

Third, allowing Zilliox to opine on Canon Law and the internal practices of the Catholic Church relative to reports of child sexual abuse based on the Catholic Church's view of the Sixth Commandment, violates the ecclesiastical abstention doctrine as explained by the Tennessee Supreme Court in Redwing v. Catholic Bishop for the Diocese of Memphis, 363 SW 3d 436 (Tenn. 2012). Redwing is particularly instructive in this case because, there, as here, the plaintiff alleged childhood sexual abuse by a priest. Also, as here, the plaintiff in Redwing made claims of breach of fiduciary duty and negligent hiring, supervision and retention. Unlike here, defendant in Redwing challenged the Court's subject-matter jurisdiction based on the First Amendment ecclesiastical abstention doctrine. Judge William Koch surveyed the history and development of the doctrine and held, for a unanimous court, that the doctrine is implicated only when the tortious conduct is "rooted in religious belief." 363 SW 3d at 450. He then explained that courts have subject-matter jurisdiction "as long as the court can resolve the dispute by applying neutral legal principles and is not required to employ or rely on religious doctrine to adjudicate the matter." Id.

Here, the expert testimony of Zilliox would inject Canon Law into the jury's resolution of this case. But precluding his testimony would insure that Plaintiff's claims are resolved solely on neutral legal principles. As the Plaintiff recognizes, Zilliox "grounds his standard-of-care opinions on identified, pre-1968 canonical sources—particularly the 1917 Code, the 1962 Crimen sollicitationis, and the Holy See's 1961 Instruction—uses them to analyze the specific documents

in this record, consistent with his training as a canon lawyer and tribunal judge." (Doc. No. 73 at 10). By doing so he upsets the balance created by the Tennessee Supreme Court in Redwing. If the Court allowed Zilliox to do so, the ecclesiastical bar is implicated.

Turning to Federal Rule of Evidence 702, the Court is required to determine if Zilliox's testimony "is the product of reliable principles and methods." Fed. R. Evid. 702(c). To do so, the Court must consider and evaluate Canon Law and its application by Zilliox to support his opinion. This would result in conversion of Valancius' tort claims into an "assault on the religious doctrines, practices, and customs of the Roman Catholic Church." 363 SW 3d at 453. As a result, this Court would no longer apply neutral laws to resolve the alleged tort claims. Again, the result is to exclude Zilliox's testimony at trial.

Accordingly, Zilliox is excluded as a witness at trial.

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE